### H. L. WEBB v. THE STATE.

No. 13209. Delivered May 28, 1930.
Rehearing denied June 25, 1930.
Reported in 29 S. W. (2d) 392.

The opinion states the case.

*Weldon F. Johnson,* of Levelland, and *Bledsoe, Crenshaw & Dupree,* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

There are two bills of exception. The first complains at the court's action in overruling the challenge for cause to a juror who at first stated that the fact that the grand jury had indicted the accused would be evidence in his mind that he was guilty. The bill shows that the court explained to the juror the legal effect of an indictment, whereupon said juror stated that he would not regard the indictment as any evidence in the case. The bill further shows that the juror had no opinion as to the guilt or innocence of the accused otherwise. We think the court did not err in holding said juror qualified.

The other bill sets out that State witness Calame went to appellant's place of business and asked him if he had any whiskey, and on receiving an affirmative reply, told appellant he wanted a pint of said whiskey, and that thereafter and in a few minutes appellant delivered him a bottle containing liquid for which witness paid appellant two dollars; that afterwards witness tasted the contents of the bottle and that it contained whiskey. That he had tasted whiskey before and knew what whiskey was when he tasted it, and that upon his experience he could tell the jury that the contents of the bottle was whiskey. The bill further shows that this witness was asked by defense counsel whether he knew of his own knowledge that the contents of that bottle was capable of producing intoxication or making anybody drunk. This question was objected to and the objection was sustained. It is stated in the bill that if witness had been permitted to answer, he would have said that he did not know of his own knowledge whether the contents of the bottle which appellant sold him was capable of producing intoxication or would make anybody drunk. We are of opinion the witness should have

been permitted to answer the question, but that in view of his other testimony the matter appears incapable of any injury. The witness having asked appellant for whiskey, and having been sold whiskey by appellant, and having tasted the contents of the bottle bought, and stated that it was whiskey, the question asked and made the subject of this bill of exception could but have injected into the record the opinion of the witness as to the possible effects of the drinking of the entire contents of the bottle of which he only took one drink; others seem to have imbibed the remainder. In this connection, however, we desire to again caution trial courts to have care in the preparation of bills of exception. Ordinarily it is the rule in this court that where there is any conflict between the bill and statement of facts, the former will control. This rule was laid down in the days when there was no court stenographers, and when the bills of exception and statement of facts were all prepared from memory and by the aid of notes made during the trial by the respective attorneys, and in the individual opinion of the writer said rule should be abrogated, and in view of the fact that in all the district courts of this State there are experienced court stenographers who take down stenographically all the testimony given and from that make up the statement of facts, a different rule should prevail. This is but the opinion of this member of the court. In the statement of facts in this case appears the statement of this witness as follows: "As to whether or not the contents in that bottle were capable of making a person intoxicated; it is owing to how much you drank."

Appellant contends that the testimony in this case is not sufficient to show beyond a reasonable doubt that the liquor bought was in fact intoxicating. The facts show that Calame went to appellant's cafe, asked him if he had any whiskey, and that appellant said yes. Calame said he wanted a pint, and appellant told him to step right around there, and Calame went around the corner of the building, and in a few moments appellant brought him a bottle and delivered it to him, for which Calame paid two dollars. Witness said he took one drink of the contents; that he had drunk whiskey before and knew the contents was whiskey when he tasted it. He positively stated to the jury that the contents of the bottle so bought from appellant was whiskey. We think this sufficient and that the contentions of appellant are without foundation.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, Judge.—The evidence is short and has again been examined in view of appellant's insistence that reversible error was committed in not permitting him to have the state's witness answer as to his opinion regarding the intoxicating character of the liquor purchased. It is not necessary to again set out the evidence of this witness. Regarded in its entirety we think it justified the conclusion originally announced.

The motion for rehearing is overruled.

*Overruled.*